IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDDIE MAE CLEMONS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90026 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:07-CR-15 CAR |
| UNITED STATES OF AMERICA , | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 (Doc. 59) is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts. Rule 4(b) provides that, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Petitioner's Motion appears to be timely filed and not subject to summary dismissal on that account.

### Procedural History

Petitioner Clemons was indicted on 58 Counts of bank fraud in violation of 18 U. S. C. § 1344, one Count of false use of a social security card in violation of 42 U. S. C. § 408 on February 7, 2007. (Doc. 1). She entered into a Plea Agreement with the Government and entered a plea of guilty to Counts 1, 12, and 58 in exchange for dismissal of the remaining counts and other considerations. (Doc. 29, 30). Petitioner Clemons was sentenced to concurrent sentences totaling

a term of 78 months imprisonment. (Doc. 34). Contrary to the intimations of her § 2255 Motion, specifically in Ground One thereof, she was allowed a direct appeal in which she raised all of her claims against the sentencing judge and her sentence, which she repeats here. Her Ground One claims that, "[Her criminal history background [resulted in] her [Guideline Sentence range of] 27-33 months going to 63-78 months. The judge went back to where I was 20 years old, and gave me 2 points more when the law says 10 years back. Also my age - 64 years old. My sentence [range] should not be 63- 78 months, because these background cases are very old." (Doc. 59 at 4).

All of these claims were raised on direct appeal and found adversely to Petitioner. (*See* United States Court of Appeals for the Eleventh Circuit Judgment, Doc. 59). The Eleventh Circuit Court of Appeals held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

Moreover, citing *United States v. Tamayo,* 80 F.3d 1514 (11th Cir. 1996), the Court in *United States v. Amedeo,* 487 F.3d 823, 829, 830 (11th Cir. May 24, 2007), defined *The Mandate Rule* and its connection to the *Law of the Case Doctrine,* as follows:

> "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality, and obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case**."** *Id.* at 520. The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." Accordingly, when acting under an appellate court's mandate a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been mandated." *Id.* . . . The law of the case doctrine

> ( and, by implication, the mandate rule applies to findings made under
> the Sentencing Guidelines. *See, e.g., United States v. Bordon,* 421
> F.3d 1202, 1207-08 (11th Cir. 2005) (declining to consider a challenge
> to a Guideline calculation that was previously reviewed and affirmed
> by this court.

This Court is, therefore, without authority to revisit Petitioner's Ground One claims raised and determined adversely to her on direct appeal.

**Petitioner's Ground Two** claims are as follows:

> My Lawyer John Fox did not do anything for me with my case, nor on my appeal. He did not work for me, he worked for the court. I want to file a § 2255 against my attorney in not helping me and did not help me on my Criminal History Background, and other petition in my case. I did not ever come back to court. He did nothing in my case.

(Doc. 59 at 5). The foregoing claims of Petitioner's Ground Two fail to specify what her counsel failed to do or what he might have done constructively for her. She does not contend that, had his conduct of her case been different, the outcome of her case would have been different. Her Ground Two claims are no more than general conclusions without factual or legal specificity.

To prevail on an ineffective assistance of counsel claim, a defendant would have to show that his or her trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. To show prejudice, the § 2255 petitioner must "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2068 (1984). Conclusory claims are not cognizable and therefore do not merit consideration. *State v. Jones,* 614 F.2d 80 (5th Cir. 1980).

The district court need not hold an evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous claims or those which

3

are based upon unsupported generalizations.  Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." *Holmes v. United States*, 876 F. 2d 1545, 1553, (11th Cir. 1989).

## The Record

At the Change of Plea Hearing held on August 8, 2007 (Doc. 44), after Petitioner Clemons had entered into a Plea Agreement with the Government, the District Court inquired first of Mr. Fox, Petitioner's Attorney, if he had explained the legal implications of Petitioner's changing her plea to guilty, and whether he felt that she understood the consequences of pleading guilty, to which Mr. Fox answered affirmatively. *Id.* at 2.  Petitioner Clemons was at that point put under oath, and, in response to the Court's questions stated that she was of clear mind and was freely and voluntarily entering her plea of guilty, because she was, in fact, guilty of the crimes charged against her, that she had discussed the impending indictment with Mr. Fox and any defenses the she might have to the charges, that she understood what the indictment charged and had no questions about it, that she understood that the statutory penalty that she faced on Counts 1 and 12 was 30 years imprisonment, that she had had the opportunity of discussing entering her guilty plea with her attorney, that she had had full opportunity to read and discuss the Plea Agreement with her attorney and had no questions about it, that she was fully satisfied with the advice he had given her, and that, based on everything she knew he had represented her in a proper and competent way. *Id.* at 4, 6, 7, 10, 11.  At page 13 of the Change of Plea Hearing Transcript, Petitioner Clemons testified that she and her attorney had talked about the sentencing guidelines that might apply to her case, and that she understood the guidelines, but also understood that the Court could impose a more or a less severe sentence, based upon the Court's findings alone.  *Id.* at 13, 14.

At Petitioner's Sentencing Hearing held on November 15, 2007, the Government's Attorney asked the Court to depart upward from the sentence guideline range, because she felt that, based upon the Petitioner's extensive criminal history, as calculated by the guidelines, the range did not adequately reflect the appropriate punishment. (Doc. 48 at 2). Petitioner's Attorney, Mr. Fox, responded as follows:

> Judge, I believe that her criminal history computation adequately reflects her criminal history. Quite frankly, there is no higher criminal history category that could be awarded out of this section. Again, there is simply no higher category she could have. I believe that adequately reflects her criminal history in the matter. ....
> We believe that the advisory sentencing guideline range, which is 27 to 33 months, adequately reflects what the sentence should be and is reasonable under 18 U. S. C. § 3553, considering the nature and circumstances of this offense, and also taking into account the medical problems that Ms. Clemons has, as well as her age.
> We would asked the Court to sentence her within that advisory guideline range, especially taking into account the amount of time she has already served.

*Id.* at 3. It appears clearly that Mr. Fox did all that he could do for Petitioner Clemons. From the remainder of the transcript of the sentencing hearing, it is evident that the Court would not be deterred from departing upward from the guidelines and sentencing Petitioner to a more severe sentence, which the United States Court of Appeals for the Eleventh Circuit has affirmed in detail, as shown by its Judgment on Petitioner's direct appeal. (Doc. 57).

Petitioner's allegations of ineffective assistance of counsel are affirmatively contradicted in the record." *Holmes v. United States*, 876 F. 2d 1545, 1553, (11th Cir. 1989).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED as failing to state a claim upon which this court might grant relief and as frivolous. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or

the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 4th day of December 2008.

                                                **S/ G. MALLON FAIRCLOTH**
                                                **UNITED STATES MAGISTRATE JUDGE**